RONALD STANLEY ADAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adams v. Commissioner
Docket No. 25341-92
United States Tax Court
T.C. Memo 1995-142; 1995 Tax Ct. Memo LEXIS 137; 69 T.C.M. (CCH) 2297; March 30, 1995, Filed *137 Decision will be entered under Rule 155. Ronald Stanley Adams, pro se. For respondent: Ann S. O'Blenes. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: For taxable years 1986, 1988, and 1989, respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions to Tax
Sec.
Sec.
Sec.
Se.
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(1)(A)
6654(a)
1986
$ 34,938
$ 2,579
-0-
$ 1,747
$ 201
1988
30,375
3,401
$ 1,519
-0- 757
1989
35,539
8,885
-0-
-0- 2,403
After concessions by the parties, the issues for our decision for the years at issue are: (1) Whether petitioner realized a loss under section 165(a)[1] on the sale of rental property in 1989. We hold that he did to the extent stated herein. (2) Whether petitioner is entitled under section *138 280A to deduct as business expenses certain expenses incurred, with respect to the subject property, prior to the date such property was converted to rental property. We hold that he is not. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Fort Worth, Texas, at the time the petition was filed in the instant case. On June 29, 1987, petitioner purchased real property for use as his personal residence. The purchase price was $ 124,000. The estimated market value of the property as of June 1987, pursuant to petitioner's Uniform Residential Appraisal Report, was $ 129,000. Over the period 1987 through 1989, petitioner made improvements to the property totaling $ 15,908. At some time in 1988, petitioner became unemployed, and as a result, in June 1989, petitioner moved out of his residence and leased the property for a lease term ending December 31, 1989, thus converting his personal residence into rental property. Petitioner and the lessee are unrelated, with no prior affiliations. In September 1988, petitioner entered into a listing agreement *139 with a realtor and listed his residence for sale at a list price of $ 145,000 and a commission of 6 percent. Petitioner received no offers at the list price. The list contract expired February 1989, with the property unsold. In March 1989, an offer was made on the residence in the amount of $ 130,000 by Mr. Kenneth Harmon. Mr. Harmon had first seen the property while it was subject to the listing contract between petitioner and the realtor, and thus, his offer was subject to the 6-percent commission. Petitioner rejected the offer. In October 1989, the property sold for $ 130,000, subject to the remaining lease period of 69 days. Petitioner was in no way related to the buyers, and the transaction between petitioner and the buyers was an arm's-length transaction. Petitioner did not engage the services of a real estate agency in the sale. Petitioner had accrued past due property taxes with respect to the rental property in the amount of $ 4,551 for 1987 and 1988, which taxes were paid by petitioner at closing. In addition, at the time of sale, petitioner was 3 months behind on his mortgage payments with respect to the property. As of June 29, 1989, petitioner's adjusted basis *140 in the property was $ 141,026. Petitioner filed his 1989 Federal income tax return on July 6, 1993. Petitioner's 1989 return reflects a $ 12,905 loss taken on the sale of the subject property. Additionally, petitioner claims to be entitled to various business expense deductions with respect to the property for the period January 1 through October 23, 1989. Respondent determined that petitioner is not entitled to a loss deduction under section 165(a) on the sale of petitioner's real property. Furthermore, respondent determined that petitioner is not entitled to deduct as business expenses any expenses relating to petitioner's property incurred while used as his personal residence. OPINION Issue 1. Section 165(a)
The first issue for our decision is whether petitioner is entitled to take a loss on the sale of certain real property under section 165. Section 165 provides the following: (a) General Rule. -- There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (b) Amount of Deduction. -- For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall *141 be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property. (c) Limitation on Losses of Individuals. -- In the case of an individual, the deduction under subsection (a) shall be limited to -- (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business * * *
A loss on the sale of a taxpayer's personal residence is not deductible under section 165. If the use of the property as the taxpayer's personal residence is terminated, however, and thereafter the property is subjected to some transaction that is profit inspired, then the loss is deductible to the extent attributable to the profit-seeking activity. Grammer v. Commissioner, 12 T.C. 34 (1949). Section 1.165-9(b)(1), Income Tax Regs., provides that if property purchased or constructed by the taxpayer for use as his or her personal residence is, prior to its sale, rented or otherwise appropriated to income-producing purposes and is used for such purposes up to the time of its sale, a loss sustained on the sale of the property shall *142 be allowed as a deduction under section 165(a). Respondent has conceded that petitioner did in fact convert his personal residence into rental property prior to its sale; thus, we must determine if petitioner sustained a loss on the sale of such property. Section 1.165-9(b)(2), Income Tax Regs., provides that a loss allowed under section 165(a) on the sale of property is the excess of the adjusted basis prescribed in section 1.1011-1, Income Tax Regs., for determining loss over the amount realized from the sale. For this purpose, the adjusted basis for determining loss shall be the lesser of either of the following amounts, adjusted as prescribed in section 1.1011-1, Income Tax Regs., for the period subsequent to the conversion of the property to income-producing purposes: (1) The fair market value of the property at the time of conversion; or (2) the adjusted basis for loss, at the time of conversion, determined under section 1.1011-1, Income Tax Regs., but without reference to the fair market value. Sec. 1-165-9(b)(2)(i) and (ii), Income Tax Regs.Section 1.1011-1, Income Tax Regs., specifically provides that the basis of property is the cost of the property and the adjusted *143 basis of the property is the cost with certain adjustments, one of which is a reduction for depreciation allowed or allowable. The parties disagree on the fair market value of the property at the time of conversion, which is an essential component in determining whether a deductible loss has been realized under section 165(a). At the outset, we note that questions of fair market value are more properly resolved through settlement negotiation rather than litigation. In the absence of such a settlement in the instant case, we are left to adjudicate the validity of the parties' conflicting positions with respect to the fair market value of the subject property. While we must consider the entire record, we have broad discretion to decide which facts are most important in reaching our conclusion because "finding market value is, after all, something for judgment, experience, and reason". Colonial Fabrics, Inc. v. Commissioner, 202 F.2d 105, 107 (2d Cir. 1953), affg. a Memorandum Opinion of this Court. The burden is on the taxpayer to prove that the value determined by respondent is incorrect. Rule 142(a). Respondent contends that the fair market value *144 of the rental property was $ 130,000 at the time of conversion. This determination, if correct, results in no deductible loss being sustained on the sale of petitioner's property under section 165(a). Under respondent's theory, when taking the lesser of the property's adjusted basis ($ 141,026) or its fair market value at the time of conversion ($ 130,000) over the amount realized on the sale of the property ($ 130,000), no deductible loss is sustained on the sale of the property for purposes of section 165. Petitioner contends, however, that the fair market value of the rental property was $ 145,000 at the time of conversion. If the fair market value of the property at the time of conversion was $ 145,000, as petitioner contends, then in taking the lesser of the property's adjusted basis ($ 141,026) or its fair market value ($ 145,000) over the amount realized ($ 130,000), there results a loss of approximately $ 11,000 deductible under section 165(a). Respondent argues that the fair market value of the rental property, both on the date of conversion and on the date of sale, was $ 130,000. Respondent, relying on Estate of Kaplin v. Commissioner, 748 F.2d 1109, 1111 (6th Cir. 1984), *145 revg. T.C. Memo. 1982-440, argues that little evidence could be more probative of fair market value than the direct sale of the property in question. Respondent further relies on section 1.170A-1(c)(2), Income Tax Regs., which defines fair market value as the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts. Thus, respondent argues, the direct sale of the property at $ 130,000 is determinative of the property's fair market value at the time of conversion. Petitioner accrued 2 years of past due property taxes with respect to the rental property in the amount of $ 4,551, and at the time of sale, petitioner was 3 months behind on his mortgage payments on the property. Petitioner argues that it was under these circumstances that he sold the property in question. Respondent asserts that petitioner was in no hurry to expedite the sale of his property as he had an offer of $ 130,000 in March 1989, which he rejected. Respondent further asserts that the only reason petitioner rejected the $ 130,000 offer was because *146 doing so would have required petitioner to pay a commission to the listing agent. Although, generally the purchase price of property changing hands between two unrelated parties is highly reflective of fair market value, this is not the case before us. On the facts before us, we observe that not only was petitioner 2 years in arrears in property taxes and behind on his mortgage payments, he was also unemployed. While it is true that the negotiations between petitioner and the buyers were at arm's length, we find that petitioner was compelled to enter into the sales transaction. The evidence in the instant case lends itself to the conclusion that the parties entered into the transaction with complete knowledge of all the facts relative to petitioner's financial condition leaving the buyer in the position to negotiate a price below market value. The fact that the buyers took the property subject to a lease making the property unavailable for immediate possession to the buyers for 6 months after sale, is further evidence that the purchase price of $ 130,000 did not reflect the property's fair market value. Additionally, the buyers demanded a reduction in the purchase price as no *147 realtor commission was involved in the sale. Faced with these circumstances and the proposition of foreclosure, we feel that petitioner had little choice but to assent to the sale on the agreed upon terms. Accordingly, we find that petitioner was under compulsion to sell the property, thus making the direct sale purchase price of $ 130,000 nonreflective of the property's fair market value at the time of sale or at the time of conversion. As stated earlier, the adjusted basis for determining loss for purposes of section 1.165-9(b)(2), Income Tax Regs., is the lesser of either: (1) The fair market value of the property at the time of conversion; or (2) the adjusted basis for loss, at the time of conversion. A loss allowed under section 165(a) on the sale of property is the excess of the adjusted basis, as determined above, over the amount realized from the sale. A 1987 appraisal of the property states a fair market value of $ 129,000. Both parties stipulate to the appraisal report. Respondent also accepts the $ 15,908 of improvements petitioner made to the property and has used that figure in calculating petitioner's adjusted basis in the property. Respondent contends that the *148 improvements made by petitioner did cause the property to appreciate in value although not dollar for dollar. Respondent further contends that "In just 2 years, petitioner's property appreciated approximately $ 6,000, presumably [due to] the improvements that he made on the property." We observe in the case before us that the fair market value of the subject property was $ 129,000 in 1987, and improvements totaling $ 15,908 were made to the property causing the property to appreciate in value by at least $ 6,000, as asserted by respondent. On these facts, we decline to accept either petitioner's or respondent's conclusions as to the fair market value and find that the fair market value of petitioner's property was $ 135,000 at the time the property was converted to rental property in June 1989. We base this determination upon consideration of all the facts and circumstances in the instant case. As it is unclear from the record whether an amount reflecting the depreciation allowed or allowable was taken into consideration, we cannot determine the amount of loss to be taken under section 165(a). Accordingly, we find that a loss on the subject property, deductible under section *149 165(a), is to be calculated as follows: Basis of property at the time of conversion for purposes of section 165(a) (that is, the lesser of $ 141,026 adjusted basis or $ 135,000 fair market value) less the amount realized on sale ($ 130,000) less depreciation allowed or allowable. Issue 2. Deductible Expenses on Subject Property
The second issue for our decision is whether petitioner is entitled to deduct, as business expenses, expenses incurred with respect to his property from January 1 through October 23, 1989. Petitioner argues that he is entitled, under section 280A(d)(4), to deduct all expenses he incurred in 1989 with respect to the subject property. As section 280A relates to expenses in connection with the rental of vacation homes and the business use of a personal residence, we find that section to be inapplicable to the instant case. Petitioner incurred personal expenses with respect to the subject property from January 1 through June 28, 1989, the period of time prior to the date of conversion to rental property. Deduction of these expenses is limited to taxes and interest under sections 163 and 164. Rental expenses incurred by petitioner between June 29 and *150 October 23, 1989, however, are business expenses deductible under section 162(a) as ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Accordingly, petitioner is not entitled to deduct as business expenses any expenses incurred during January 1 through June 28, 1989, the period prior to the date of conversion of his property to rental property. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year at issue.↩